1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  BRIAN C. KINNEY, State Bar No. 245344
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5255
    Fax:  (415) 703-5843
8   Email:  Brian.Kinney@doj.ca.gov

9  Attorneys for Respondent Robert Ayers, Warden at
   San Quentin State Prison
10

11

                   IN THE UNITED STATES DISTRICT COURT
12

              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

                            OAKLAND DIVISION
14

| | |
|---|---|
| **Kenneth Dowell,**<br><br>                         Petitioner,<br><br>         v.<br><br>**Board of Prison Hearings,**<br><br>                         Respondent. | C-08-01683 CW<br><br>**RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><br><br>Judge:   The Honorable Claudia Wilken |

        As an Answer to the Petition for Writ of Habeas Corpus filed by prisoner Kenneth Dowell,

Respondent Robert Ayers, Warden at San Quentin State Prison, admits, alleges, and denies that:

        1.    Petitioner Kenneth Dowell (C-78669) is in the lawful custody of the California

Department of Corrections and Rehabilitation (CDCR) following his conviction for second

degree murder with the use of a firearm, for which the court sentenced him to serve seventeen

years to life. (Ex. 1, Super. Ct. Pet., at exs. A, B.) In this Petition, Dowell alleges that the Board

of Parole Hearings' November 30, 2006 decision violated his due process rights because some

1    evidence did not support the Board's decision.

2         2.    Dowell filed a petition for writ of habeas corpus in the Superior Court of Los Angeles

3    County, generally alleging the same claims that he alleges in this Petition. (Ex. 1.)  The superior

4    court denied the petition, finding that some evidence supported the Board's decision that Dowell

5    "presents an unreasonable risk of danger to society." (Ex. 2, Super. Ct. Order, at 1.)  The court

6    noted that the Board relied "on several factors including the circumstances of the commitment

7    offense, [Dowell's] criminal history, his unstable social history, his insufficient participation in

8    self-help programs, and his lack of viable parole plans." (*Id.*)  The court indicated that at the

9    time of the commitment offense Dowell was jealous and angry with the victim, who was

10   Dowell's ex-wife's boyfriend. (*Id.* at 2.)  The court explained that Dowell thought that the victim

11   was coming between him and his ex-wife and children. (*Id.*)  The court stated that before his

12   incarceration for the murder, Dowell was convicted of public drunkenness, possession of

13   narcotics, brandishing a firearm, drunk driving, and pandering. (*Id.* at 3.)  Also the court

14   discussed Dowell's history of unstable social relationships, noting that the record showed that

15   Dowell "previously abused his ex-wife during their relationship." (*Id.*)  The court also relied on

16   the evidence showing that Dowell had not participated in any recent self-help programs, or

17   upgraded academically. (*Id.*)  Lastly, the court noted that Dowell lacks realistic parole plans

18   because he has no housing or employment offers. (*Id.* at 3-4.)  As a result, the court found "some

19   evidence in the record to support the Board's determination that [Dowell] presents an

20   unreasonable risk of danger to society and is therefore not suitable for release on parole." (*Id.* at

21   4.)

22        3.    Dowell then raised the same claims in petitions to the California Court of Appeal and

23   the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Ct. App. Order; Ex. 5, Sup. Ct. Pet.;

24   Ex. 6, Sup. Ct. Order.)  Both petitions were summarily denied. (Ex. 4; Ex. 6.)

25        4.    Respondent admits that Dowell exhausted his state court remedies regarding his claims

26   that the Board's 2006 decision violated his due process rights because it was not supported by

27   some evidence.  Respondent denies that Dowell exhausted his claims to the extent they are

28   interpreted more broadly to encompass any systematic issues beyond this claim.

Resp't's Answer; Supporting Mem. of P. & A.                          *Dowell v. Board of Prison Hearings*
                                                                     C-08-01683 CW

1  5.   Respondent admits Dowell's claims are timely under 28 U.S.C. § 2244(d)(1).

2  Respondent admits that the Petition is not subject to any other procedural bar.

3  6.   Respondent denies that Dowell is entitled to federal habeas relief under 28 U.S.C. §

4  2254 because the state court decisions were not contrary to, or an unreasonable application of,

5  clearly established federal law as determined by the United States Supreme Court, or based on an

6  unreasonable determination of the facts.

7  7.   Respondent denies that Dowell has a federally protected liberty interest in parole and,

8  therefore, alleges that he has not stated a federal question invoking this Court's jurisdiction. The

9  Supreme Court has not clarified the methodology for determining whether a state has created a

10  federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr.*

11  *Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by

12  unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484

13  (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical

14  and significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,

15  229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).

16  California's parole statute does not contain mandatory language giving rise to a protected liberty

17  interest in parole under the mandatory-language approach announced in *Greenholtz*. And

18  continued confinement under an indeterminate life sentence does not impose an "atypical and

19  significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence,

20  impose a new condition of confinement, or otherwise restrict his liberty while he serves his

21  sentence. Thus, Respondent asserts that Dowell does not have a federal liberty interest in parole

22  under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*

23  *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole

24  statute creates a federal liberty interest in parole under the mandatory-language analysis of

25  *Greenholtz*, but preserves the argument, as this issue is being reviewed by an en banc panel of the

26  Ninth Circuit. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

27  8.   Even if Dowell has a federal liberty interest in parole, he received all due process to

28  which he is entitled under clearly established federal law because he was provided with an

Resp't's Answer; Supporting Mem. of P. & A.                    *Dowell v. Board of Prison Hearings*
                                                                            C-08-01683 CW

1 | opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442
2 | U.S. at 16.

3 |     9. Respondent denies that the some-evidence test is clearly established federal law in the
4 | parole context.

5 |     10. Respondent alleges that there is some evidence supporting the Board's 2006 decision
6 | to deny parole.

7 |     11. Respondent alleges that clearly established federal law does not preclude the Board
8 | from relying on immutable factors, such as the commitment offense, criminal history, or a history
9 | of unstable social relationships, to deny parole.

10 |     12. Respondent denies that the Board's decision to deny parole for three years violated
11 | Dowell's due process rights. Respondent affirmatively alleges that clearly established federal
12 | law does not constrain the Board's ability to render a multi-year denial, and therefore this claim
13 | cannot be the basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (federal
14 | habeas unavailable for violations of state law or for alleged error in the interpretation or
15 | application of state law).

16 |     13. Respondent submits that an evidentiary hearing is not necessary because the claims
17 | can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th
18 | Cir. 1999).

19 |     14. Respondent denies that Dowell is entitled to release. The remedy is limited to the
20 | process that is due, which is a new parole consideration hearing comporting with due process.
21 | *See, e.g., Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest
22 | in parole is limited by the Board's exercise of discretion, and a due process error does not entitle
23 | an inmate to a favorable parole decision).

24 |     15. Dowell fails to state or establish any grounds for habeas corpus relief.

25 |     16. Except as expressly admitted in this Answer, Respondent denies the allegations of the
26 | Petition.

27 | ///

28 | ///

Resp't's Answer; Supporting Mem. of P. & A.

*Dowell v. Board of Prison Hearings*
C-08-01683 CW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3      Dowell claims that the Board's 2006 decision finding him unsuitable for parole violated his

4  due process rights.  The Court must deny this claim because Dowell merely alleges a

5  disagreement with the Board's decision, and fails to establish that the state court decisions

6  denying his due process claims were contrary to, or an unreasonable application of, clearly

7  established federal law as determined by the United States Supreme Court, or were based on an

8  unreasonable determination of the facts.

9

## ARGUMENT

10  **DOWELL HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF
     UNDER AEDPA.**

11

12      Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court

13  may not grant a writ of habeas corpus unless the state court's adjudication was either: 1)

14  "contrary to, or involved an unreasonable application of, clearly established Federal law, as

15  determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

16  determination of the facts in light of the evidence presented at the State Court proceeding."

17  28 U.S.C. § 2254(d)(1-2) (2000).  Dowell has not demonstrated that he is entitled to relief under

18  this standard.

19      **A.   Dowell Has Not Shown that the State Court Decisions Were Contrary
              to Clearly Established Federal Law.**

20

21      As a threshold matter, the Court must decide what, if any, "clearly established Federal law"

22  applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  In making this determination, the Court

23  may look only to the holdings of the United States Supreme Court governing at the time of the

24  state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting

25  *Williams v. Taylor*, 529 U.S. 362 (2000)).  The only case in which the Supreme Court has

26  addressed the process due in state parole proceedings is *Greenholtz*.  *Greenholtz*, 442 U.S. 1.

27  The Supreme Court there held that due process is satisfied when the state provides an inmate an

28  opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16.  "The

1   Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a

2   parole hearing.

3       Dowell does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)

4   Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding

5   an inmate's due process rights during parole proceedings, the state court decision upholding the

6   Board's decision was not contrary to clearly established federal law. Thus, the Petition should be

7   denied.

8       Although Dowell alleges that the Board's decision must be supported by some evidence,

9   there is no clearly established federal law applying this standard to parole decisions. The

10  Supreme Court has held that under AEDPA a test announced in one context is not clearly

11  established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128

12  S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, 550 U.S. 465 (2007); *Musladin*, 127 S. Ct. at

13  652-54; *see also*, *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen v. Garcia*, 477

14  F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). The

15  Supreme Court developed the some-evidence standard in the context of a prison disciplinary

16  hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally different

17  context than a parole proceeding. Because the tests and standards developed by the Supreme

18  Court in one context cannot be transferred to distinguishable factual circumstances for AEDPA

19  purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole

20  decisions.

21      Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is

22  improper under AEDPA, and this issue is being reviewed en banc by the Ninth Circuit.

23  *Hayward*, 527 F.3d 797. Moreover, AEDPA does not permit relief based on circuit caselaw.

24  *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive

25  —————————————————————————————————————————

26      1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
    of process due for inmates being considered for release on parole includes an opportunity to be heard
27  and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's*
    methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its]
28  discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

1  for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court

2  precedent is relevant only to the extent it clarifies what constitutes clearly established law." . . .

3  "Circuit precedent derived from an extension of a Supreme Court decision is not clearly

4  established federal law as determined by the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d

5  597, 600-01 (9th Cir. 2000).  Therefore, the Ninth Circuit's use of the some-evidence standard is

6  not clearly established federal law and is not binding on this Court.  *See, e.g., Biggs v. Terhune*,

7  334 F.3d 910 (9th Cir. 2003);  *Sass*, 461 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th

8  Cir. 2007).

9        Furthermore, there is no Supreme Court precedent which precludes the Board from

10  relying on static factors, such as the commitment offense, the inmate's prior criminal record, the

11  inmate's abusive history with his ex-wife, or an inmate's prior psychiatric evaluations.

12  Accordingly, Dowell has not shown that the state court decisions were contrary to clearly

13  established federal law.

14    **B.**      **Dowell Has Not Shown that the State Courts Unreasonably Applied**
          **Clearly Established Federal Law in Upholding the Parole Denial.**

15

16        Habeas relief may only be granted based on AEDPA's unreasonable-application clause

17  where the state court identifies the correct governing legal rule from Supreme Court cases but

18  unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406.  The

19  petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at

20  410; *Lockyer*, 538 U.S. at 75.  Respondent recognizes that the Ninth Circuit applies the some-

21  evidence standard as clearly established federal law, but even accepting that premise, Dowell is

22  not entitled to federal habeas relief.  Indeed, the California Supreme Court has adopted *Hill*'s

23  some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re*

24  *Rosenkrantz*, 29 Cal. 4th 616 (2002), and Dowell has not shown that the state courts

25  unreasonably applied the standard.

26        Here, the state court applied the some-evidence standard and found evidence in the record

27  / / /

28  / / /

Resp't's Answer; Supporting Mem. of P. & A.                            *Dowell v. Board of Prison Hearings*
                                                                      C-08-01683 CW

1   supporting the Board's decision that Dowell presents an unreasonable risk of danger to society.

2   (Ex. 2, at 1, 4.)[2/] The superior court evaluated the several factors the Board relied on to find

3   Dowell a risk of danger to society; these included "the circumstances of the commitment offense,

4   [Dowell's] criminal history, his unstable social history, his insufficient participation in self-help

5   programs, and his lack of viable parole plans." (Ex. 2 at 1.)  The superior court analyzed the

6   evidence in the record that supported each of these factors. (*Id.* at 2-4.)  Specifically, the court

7   noted that Dowell previously abused his ex-wife during their relationship, that he had been

8   convicted of several offenses, such as brandishing a firearm, and possession of narcotics, that he

9   had failed to participate in any recent self-help programs, that he had not upgraded academically,

10  that he had no job offers, and that he had no place to live. (*Id.*)

11          Accordingly, the state court did not unreasonably apply the *Hill* some-evidence test.

12  Rather, it articulated the evidence from the record supporting the Board's decision.  Dowell is

13  merely seeking to have this Court re-weigh the Board's decision, which has no basis in Supreme

14  Court law.

15      **C.      Dowell Has Not Shown that the State Court Decisions Were**
                  **Based on an Unreasonable Determination of the Facts.**
16

17          Under § 2254(d)(2), habeas corpus cannot be granted unless the state courts' decisions

18  were based on an unreasonable determination of the facts in light of the evidence presented in the

19  state court.  The state courts' factual determinations are presumed to be correct, and the petitioner

20  has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §

21  2254(e)(1).

22          Although Dowell asserts that the Board made factual errors in its description of the crime,

23  he fails to show that the state court unreasonably determined the facts in light of the evidence in

24  the state-court record. (Pet. at 2.)  As a result, Dowell fails to establish by clear and convincing

25

26  _____

27      2.  When, as here, the California Supreme Court denies a petition for review without
    comment, the federal court will look to the last reasoned decision as the basis for the state court's
    judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Here, the Los Angeles County Superior
28  Court issued the last reasoned decision.

Resp't's Answer; Supporting Mem. of P. & A.                    *Dowell v. Board of Prison Hearings*
                                                                              C-08-01683 CW

8

1  evidence that he is entitled to habeas relief under § 2254(d)(2).

3  **CONCLUSION**

4  Dowell has not demonstrated that the state court decisions denying habeas relief were

5  contrary to, or an unreasonable application of, United States Supreme Court authority, or were

6  based on an unreasonable determination of the facts.  Thus, this Court should deny the Petition.

7  Dated:  December 10, 2008

8  Respectfully submitted,

9  EDMUND G. BROWN JR.
Attorney General of the State of California

10 DANE R. GILLETTE
Chief Assistant Attorney General

11 JULIE L. GARLAND
12 Senior Assistant Attorney General

13 ANYA M. BINSACCA
Supervising Deputy Attorney General

16 /S/ BRIAN C. KINNEY
BRIAN C. KINNEY
17 Deputy Attorney General
Attorneys for Respondent

19
20165461.wpd
20 SF2008200487

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Kenneth Dowell v. Board of Prison Terms**
Case No.:        **C-08-01683 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 10, 2008**, I served the attached

**RESPONDENT'S ANSWER TO THE PETITION FOR WRIT OF HABEAS CORPUS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Kenneth Dowell (C-78669)
1-N-26U
San Quentin State Prison
One Main Street
San Quentin, CA 94974
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 10, 2008**, at San Francisco, California.

| | |
|---|---|
| R. Panganiban | /S/R. Panganiban |
| Declarant | Signature |

SF2008200487
20165496