# EXHIBIT   2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | OCTOBER 26, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | A. ALDANA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

| | | (Parties and Counsel checked if present) | |
|---|---|---|---|
| | BH004727 In re, KENNETH DOWELL, Petitioner, On Habeas Corpus | Counsel for Petitioner: Counsel for Respondent: | |

Nature of Proceeding: ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS

The Court has read and considered Petitioner's application for a Writ of Habeas Corpus filed on June 12, 2007. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that Petitioner presents an unreasonable risk of danger to society and is therefore not suitable for release on parole. See Cal. Code Reg. tit., 15, § 2402; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667.

Petitioner was received in the Department of Corrections on December 30, 1983, after a conviction for second degree murder. He was sentenced to 15 years to life imprisonment. His minimum parole eligibility date was July 6, 1992. The record reflects that on March 24, 1982, Petitioner killed the victim, the boyfriend of his ex-common law wife, during a shoot out between Petitioner and the victim.

The Board found Petitioner unsuitable for release on parole after a parole consideration hearing held on November 30, 2006. Petitioner was denied parole for three years. The Board concluded that Petitioner was unsuitable for release on parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors including the circumstances of the commitment offense, Petitioner's criminal history, his unstable social history, his insufficient participation in self-help programs, and his lack of viable parole plans.

1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| Date: | OCTOBER 26, 2007 | | | | |
|---|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | A. ALDANA | | Deputy Clerk |
| | NONE | Bailiff | NONE | | Reporter |

(Parties and Counsel checked if present)

BH004727
In re,
KENNETH DOWELL,
         Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

The Court finds that there is some evidence to support the Board's finding that the commitment offense was committed in an especially cruel manner in that multiple victims were attacked, injured or killed, the offense was carried out in a dispassionate and calculated manner, the offense was carried out in a manner that demonstrated an exceptionally callous disregard for human suffering, and the motive for the crime was trivial in relation to the offense. Cal. Code Regs., tit. 15, § 2402(c)(1). The record reflects that at the time of the commitment offense, Petitioner was separated from his common law wife (ex-wife). The ex-wife was dating another man (boyfriend), who she planned to marry. Petitioner was jealous and angry with the boyfriend, because Petitioner thought that the boyfriend was coming between Petitioner and his ex-wife and children. On March 24, 1982, Petitioner entered the residence of his ex-wife. Petitioner stated that he was going to kill his ex-wife and her boyfriend. Petitioner forced his ex-wife into his vehicle. The two drove around searching for the boyfriend. The boyfriend happened to be following Petitioner. Petitioner stopped his vehicle and retrieved a handgun located beneath the seat. Petitioner told the boyfriend that he was going to kill him. Petitioner and the boyfriend fired shots. When Petitioner's handgun no longer had any ammunition, he retrieved a shotgun from his vehicle and continued to shoot at the boyfriend. The boyfriend was shot several times and died from the wounds. After Petitioner shot the boyfriend, the ex-wife ran away from the scene.

The Court finds that there is some evidence to support the Board's finding that Petitioner's previous criminal record showed an escalating pattern of criminal conduct. The Board may properly consider Petitioner's criminal history as a factor relevant to determining whether Petitioner is suitable

2

Minutes Entered
10/26/07
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| Date: | OCTOBER 26, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | A. ALDANA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004727
In re,
KENNETH DOWELL,
                    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

for release on parole. Cal. Code Regs., tit. 15, § 2402(b). The record reflects that Petitioner was convicted of public drunkenness, possession of narcotics, brandishing a firearm, drunk driving, and pandering. Petitioner was on probation for the pandering offense when he committed the commitment offense. Petitioner has failed to profit from previous grants of probation by committing new offenses. Thus, the record contains some evidence that Petitioner was undeterred by the earlier attempts to correct his criminality.

In making its determination, the Board also noted that Petitioner has previously abused his ex-wife during their relationship. The Court finds that there is some evidence to support the Board's finding that Petitioner has a history of unstable social relationships. Cal. Code Regs., tit. 15, § 2402(c)(3).

The Court finds that there is some evidence to support the Board's finding that Petitioner has not sufficiently participated in self-help programs. The Board noted that Petitioner has not participated in any recent self-help programs. In addition, Petitioner has not upgraded academically as recommended by the Board during the last parole hearing. The record does reflect that Petitioner has participated in several types of vocational training.

The Court finds that there is some evidence to support the Board's finding that Petitioner lacks realistic parole plans. See Cal. Code Regs., tit. 15, § 2402(d)(7). The record reflects that Petitioner does not have a place to reside in the last county of legal residence. Petitioner's proposed parole plans consist of residing with his brother in Oregon. In addition, Petitioner does not have an offer of

3

Minutes Entered
10/26/07
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### DEPT 100

| Date: | OCTOBER 26, 2007 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | A. ALDANA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004727
In re,
KENNETH DOWELL,
            Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

employment. The lack of housing and employment offers reflect that Petitioner is not yet suitable for parole.

    The Board considered several favorable factors, including Petitioner's disciplinary record and his participation in numerous vocational programs and Alcoholic Anonymous. However, the Board found that these positive factors did not outweigh the factors tending to show unsuitability.

    Although the denial of a parole date based solely on the nature of the commitment offense after a long period of incarceration may raise serious questions involving an inmate's liberty interest in parole, this is only true where the inmate has shown exemplary behavior and considerable evidence of rehabilitation. *Biggs v. Terhune* (9th Cir. 2003) 334 F.3d 910, 917. Here, the Board did not base its decision to deny parole solely on the commitment offense, but also weighed Petitioner's prior criminal record, his unstable relationship with his common law wife, his limited participation in self-help programs, and his lack of viable parole plans.

    Petitioner argues that his due process rights have been violated, because the Board failed to specifically address every factor enumerated in California Rule of Regulation, title 15, section 2402, subdivisions (c) and (d). This argument is without merit. Every factor considered by the Board need not be stated, especially if it is not persuasive. *In re Ramirez* (2001) 94 C.A. 4th 549 (disapproved on other grounds by *In Re Dannenberg* (2205) 34 Cal. 4th 1061).

    Based on the above factors, the Court finds that there is "some evidence" in the record to support the Board's determination that Petitioner presents an unreasonable risk of danger to society and is therefore not suitable for release on parole. Penal Code § 3041(b).

4

Minutes Entered
10/26/07
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | | |
|---|---|---|---|---|
| Date: | OCTOBER 26, 2007 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | A. ALDANA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

| (Parties and Counsel checked if present) |
|---|

| | |
|---|---|
| BH004727<br>In re,<br>KENNETH DOWELL,<br>            Petitioner,<br>On Habeas Corpus | Counsel for Petitioner:<br><br>Counsel for Respondent: |

Accordingly, the petition is denied.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Kenneth Dowell
C-78669
San Quentin State Prison
San Quentin, California 94964

Department of Justice- State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Ms. Cynthia Lumely

5

| Minutes Entered |
|---|
| 10/26/07 |
| County Clerk |